Mr. Justice Tiiacher
delivered the opinion of the court.
This is an action of debt upon the bond of a certain board of trustees of school lands, for the use of their successors in office.
By agreement, but two points are presented for adjudication; 1. Whether a new trial should be granted on the ground that the damages are excessive, and that the verdict is not sustained by the proof; and 2. Whether there was error in the opinion of the court below, in excluding evidence offered by the defendants there upon the trial.
Among the breaches assigned in the declaration were, that the said trustees had wasted and misappropriated the funds to the amount of five thousand dollars, the penalty of their bond; and that they had loaned to one Mourning H. Newell four hundred and ninety-two dollars of the fund, without taking from said Newell such security as is prescribed by the statute.
As the case is presented to us, it would seem, upon the first point, to be a mere matter of calculation to be made upon the receipts and expenditures of the fund by the board, as contained *590 in the proof; but, as the point is established upon the breach, it must first appear in the proof that a waste or misapplication of the fund has been brought home to the trustees.
It may well be predicated upon the proof that a sum much greater than its expenditures came into the hands of the trustees; but this, by law, fell into the hands of the treasurer of the board, and it is not charged in the declaration, nor does it appear in proof, either that it was not so received by the treasurer, or that a majority of the trustees failed to direct its payment and delivery ,to their -successors or the treasurer of their successors. Any balance of the fund which has not been drawn out by an order of a majority of the trustees, upon the treasurer, is still in his -custody, for which he may be made liable upon his bond to the president of the board and his successors in office, to whom it is made payable. The trustees can only be held responsible for their own acts; as for any act of defalcation upon the part of the treasurer, there is a remedy provided upon his bond.
The only^act of misapplication and waste established against the trustees, was in the loan of four hundred and ninety-two dollars to Mourning H. Newell, upon other than personal security, as required by statute. It was a case of misapplication of the fund, because the law creating the board and its powers, while it gives them authority to loan the fund, requires them to take “ good and sufficient personal security for its payment,” (Hutch. Code, 214;) and any deviation from this was without authority, and afforded them no excuse, whatever might have been the circumstances. Their powers were prescribed and limited by law. It was a case of waste upon their part, because the amount loaned by them, and secured by a deed of trust upon negroes, ultimately became lost to the fund. It is no answer that this loss occurred without their fault, because they had no power to make such a contract. The circuit court refused to hear evidence upon this point, and properly, and this disposes of the second query directed to us.'
From all the evidence in the cause, it seems very plain that the jury could have found legally a verdict only for the amount loaned to Mourning H. Newell, say, four hundred and ninety- *591 two dollars, with interest at ten per cent, per annum from the date of that loan, to wit, the 9th day of April, 1845, to the date of the finding. To this extent the verdict could well stand, but for the excess not, and therefore a new trial should be had.
Judgment reversed, and new trial awarded.